Edward A. BROMINSKI, Plaintiff,

v.

COUNTY OF LUZERNE; Thomas A. Makowski; Frank P. Crossin; Joseph Jones; James V. Senape, Jr.; Maureen Rudnicki; and William J. Joyce, Defendants.

No. 3:00 CV 1142.

United States District Court, M.D. Pennsylvania.

Nov. 4, 2003.

Glennis L. Clark, Law Office of Glennis L. Clark, Allentown, PA, for Plaintiff.

George A. Reihner, John G. Dean, Elliott Reihner Siedzikowski & Egan, P.C., Scranton, PA, for Defendants.

## *MEMORANDUM*

MUNLEY, District Judge.

Before the court for disposition is the defendants' motion to strike plaintiff's affidavit and the defendants' motion for summary judgment. The plaintiff is Edward Brominski and the defendants are Luzerne County, Thomas A. Makowski, Frank P. Crossin, Joseph Jones, James V. Senape, Jr., Maureen Rudnicki and William J. Joyce (collectively, "Defendants"). The motions are ripe for disposition having been fully briefed and argued. For the reasons that follow, we will deny the motion to strike and will grant the summary judgment in part and deny it in part.

## I. Background

In August 1992, Luzerne County hired the plaintiff to serve as its Chief Clerk of Assessment. Complaint ¶ 12. During his employment, plaintiff supervised 40–50 employees in the County's Tax Assessor's office. *See* Defendants' Exhib. 3, p. 22–23. In December 1999, as part of its annual budgeting process, the County finalized the 2000 fiscal year budget. *See id.* Exhib. 1B. In order to meet the parameters of the budget and the total amount of salaries that were allowed, the county realigned certain departments and eliminated certain positions from the budget, including three (3) full-time positions in the County Assessor's office. *See id.* Exhib. 2. After the budget was adopted on December 30, 1999, the plaintiff was notified of the elimination of his position and his termination. *See id.* Exhib. 3, p. 36.

In January 1999, plaintiff announced his candidacy and sought the democratic nomination for the office of County Commissioner of Luzerne County. Complaint ¶ 14. Plaintiff was unsuccessful in his campaign for County Commissioner. *Id.* ¶ 19. Plaintiff claims that he was terminated from his position in retaliation for exercising his constitutional rights. *Id.* ¶ 21.

On June 26, 2000, plaintiff commenced this civil action against Defendants alleging that they violated his constitutional rights and Pennsylvania's Whistleblower Law. *Id.* By Memorandum and Order dated August 28, 2001, this Court dismissed plaintiff's official capacity claims against the individually named defendants and dismissed plaintiff's request for punitive damages under Pennsylvania's Whistleblower Law. Accordingly, plaintiff's remaining claims are: 1) First Amendment claims against the County and the individually named defendants in their individual capacities pursuant to 42 U.S.C. § 1983;[1]

---

1. Section 1983 provides as follows:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .
   42 U.S.C. § 1983.
   Thus, to establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Second, the conduct must deprive the complainant of rights secured under the Con-

and 2) a Pennsylvania Whistleblower claim against such defendants.

## II. Jurisdiction

The Court exercises jurisdiction over this dispute pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367. Pennsylvania law applies to those claims considered pursuant to supplemental jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

## III. Standard of Review

The granting of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Knabe v. Boury*, 114 F.3d 407, 410 n. 4 (3d Cir.1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946, 949 (3d Cir.1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

## IV. Discussion

### A. Absolute Legislative Immunity

■ Defendants claims that the individually named defendants should be dismissed from the lawsuit because they are entitled to absolute legislative immunity. After careful analysis, we agree.

Legislative immunity, an absolute immunity, can be invoked when officials' actions are legislative in nature. *Gallas v. Supreme Court*, 211 F.3d 760, 773 (3d Cir. 2000). In determining whether officials are entitled to absolute legislative immunity, "we must focus on the nature of the official's action rather than the official's motives or the title of his or her office." *Id. See also, Bogan v. Scott–Harris*, 523 U.S. 44, 54, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998) ("Whether an act is legislative turns on the nature of the act, rather than on the

stitution or federal law. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia,* 142 F.3d 582, 590 (3d Cir.1998). In the instant

complaint, plaintiff claims that defendants' conduct deprived him of his First Amendment rights.

motive or intent of the official performing it.")

"Individuals who are not legislators but whose acts have a substantial legislative nexus are ... imbued with this absolute legislative immunity." *Hughes v. Lipscher*, 852 F.Supp. 293, 296 (D.N.J.1994) (citing *Gravel v. United States*, 408 U.S. 606, 92 S.Ct. 2614 (1972); *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975)). Specifically, when such officials' actions are both substantively and procedurally legislative in nature, the officials must be dismissed from the action. *Gallas*, 211 F.3d at 775–77.

Here, all of the named defendants are either County Commissioners responsible for preparing and adopting the County's budget or Board members responsible for overseeing the Tax Assessor's office, as well as setting the number of Tax Assessor office employees and their salaries. *See* 16 P.S. § 1781 and 72 P.S. § 5345. The County Commissioners (Makowski, Crossin and Jones) voted on a proposed budget that included the recommendations of the Board members (Senape, Joyce and Rudnicki). Plaintiff complains that his position was eliminated from the County's budget.

"The Supreme Court [has] recognized that the elimination of a public employment position ... constitutes a 'legislative' act." *Gallas*, 211 F.3d at 775. *See, also, Bogan*, 523 U.S. at 55, 118 S.Ct. 966 ("[The city council member's] acts of voting for an ordinance were, in form, quintessentially legislative. [The mayor's] introduction of a budget and signing into law an ordinance also were formally legislative, even though

he was an executive official."). Such officials enjoy absolute legislative immunity from § 1983 liability regardless of the officials' motive or intent. *Id.* at 54–55, 118 S.Ct. 966.

*McHugh v. Board of Educ.*, 100 F.Supp.2d 231 (D.Del.2000), is instructive on this issue. In that case, a school transportation official brought an action against his employer and several school officials alleging that the decision to eliminate his position was retaliatory and violated the First Amendment. *Id.* at 233. The court there held that the defendant school superintendent's action in proposing the budget and the defendant school board member's action in voting in favor of the budget were "in the sphere of legitimate legislative activity and, therefore ... entitled to absolute immunity." *Id.* at 238–39.

We find that the individually named defendants' roles in making recommendations and voting on the County's 2000 budget were substantially legislative in nature. The 2000 budget involved the reduction of multiple positions throughout the county, including two other employees from the Tax Assessor's office. *See* Defendant's Exhib. 1–2, 8–9. As the Supreme Court concluded in *Bogan*, it "reflected a discretionary, policymaking decision implicating the budgetary priorities .... Moreover, it involved the termination of a position .... Thus, [defendants'] activities were undoubtedly legislative." 523 U.S. at 55–56, 118 S.Ct. 966.

Accordingly, this court will dismiss the individually named defendants from the lawsuit since they are entitled to absolute legislative immunity.[2] Defendant munici-

---

2. In his reply brief, plaintiff argues that the individually named defendants are not entitled to "qualified immunity." Plaintiff's Reply, pp. 5–10. This argument, however, is irresponsive to the defendants' summary judgment motion, which is based on absolute immunity. Absolute legislative immunity and qualified immunity are separate and distinct

defenses to claims under 42 U.S.C. § 1983. More specifically, qualified immunity focuses on whether officials' actions were in violation of clearly established law, *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Absolute legislative immunity, on the other hand, can be invoked whenever the

palities, on the other hand, are not protected by legislative immunity. *Carver v. Foerster*, 102 F.3d 96, 103 (3d Cir.1996). Accordingly, Luzerne County remains in the action as the sole defendant.

## B. Section 1983 Conspiracy Claim

Because we conclude that the individually named defendants are entitled to absolute legislative immunity, plaintiff's § 1983 conspiracy claim fails as a matter of law. "Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation." *Jackson v. T & N Van Service*, 2000 WL 562741, *5 (E.D.Pa. May 9, 2000). This theory has been applied to governmental authorities in Pennsylvania. *See, e.g., Poli v. SEPTA*, 1998 WL 405052, *14 (E.D.Pa. July 7, 1998) (conspiracy claims can only be asserted against governmental officers in their individual capacity). Here, since the individually named defendants have been dismissed from this lawsuit in both their official and individual capacities, Plaintiff's conspiracy count fails as a matter of law.[3]

## C. First Amendment Claim

■ Defendants argue that summary judgment is appropriate on plaintiff's First Amendment claim because the plaintiff has failed to come forward with competent evidence to establish that the elimination of his position was anything other than a budgetary decision. After careful review, we disagree.

"Under 42 U.S.C. § 1983, public employees may sue to enforce [First Amendment] protection if (1) they spoke on a matter of public concern; (2) their interest in that field outweighs the government's concern with the effective and efficient fulfillment of its responsibilities to the public; (3) the speech caused the retaliation; and (4) the adverse employment decision would not have occurred but for the speech." *Fogarty v. Boles*, 121 F.3d 886, 888 (3d Cir.1997). Plaintiff has the burden of showing that "the speech was a substantial or motivating factor for the discharge." *Feldman v. Philadelphia Housing Authority*, 43 F.3d 823 (3d Cir.1994).

Here, defendants contend that there "not a scintilla of competent evidence that the County's 2000 budget decision was anything but [a] budget decision." Plaintiff's Brief at 14. We disagree. Plaintiff has provided some evidence from which a rational factfinder could conclude that plaintiff's speech was a substantial or motivating factor in his discharge. Plaintiff announced his candidacy for County Commissioner in the Democratic primary in early 1999.[4] Plaintiff's Aff. ¶ 3.[5] The Board of Assessment Appeals then called plaintiff to a meeting, where he was asked about his decision to seek elective office. Plaintiff's Dep. p. 46. In particular, he was asked why he did not first discuss his decision with the board. *Id.* Plaintiff was also warned by Board Member Jones that,

---

officials' actions are legislative in nature regardless of their motivations. *Gallas v. Supreme Court*, 211 F.3d 760, 773 (3d Cir.2000).

3. Plaintiff's request for punitive damages is also dismissed. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (holding that "a municipality is immune from punitive damages under 42 U.S.C. § 1983.")

4. Among the candidates for the nomination was Thomas A. Makowski, who was ultimately re-elected in the general election. Plaintiff's Aff. ¶ 3.

5. Defendants have moved to strike plaintiff's affidavit. Although there may be some merit to defendants' arguments, we have not relied on any of the contested statements in our opinion. Accordingly, we will deny defendants' motion as moot.

"if you bring anything up about the Assessment Office, we're going to let you go." *Id.*

During the campaign, plaintiff discussed publicly "the need for a reassessment of property values county-wide," and that "the county was losing millions of dollars in revenue because the assessed values were outdated." Plaintiff's Aff. ¶ 6. He also campaigned on the contention that the Board of Assessment Appeals lost virtually every property assessment appeal. *Id.* ¶ 7. Plaintiff was defeated in the November 1999 election and was terminated from his position shortly thereafter.

We find that the plaintiff has presented sufficient evidence to create a genuine issue of material fact as to the reason for his termination. If a reasonable factfinder determines that plaintiff's testimony is credible, then there is sufficient evidence to conclude that retaliation was a substantial factor in plaintiff's termination. Accordingly, defendants' motion for summary judgment on plaintiff's First Amendment claim will be denied and plaintiff will be allowed to proceed in this claim against Defendant Luzerne County.

### D.  Pennsylvania Whistleblower Law

█ Defendants claim that plaintiff is not entitled to pursue a claim under Pennsylvania's Whistleblower Law because plaintiff was a "non-union, non-contract employee." Defendants claim that the Whistleblower Law does not apply to at-will employees. This court disagrees.

The Whistleblower Law defines "employee" as "a person who performs a service for wages or other remuneration under a contract of hire, written or oral, express or implied, for a public body." 43 P.S. § 1422 *et seq.* The term "or" makes clear that the legislature intended for the statute to apply in the first instance to "a person who performs a service for wages ... for a public body." *Id.* In a concur-

ring opinion in *Riggio v. Burns*, Judge Cirillo explained that the Whistleblower Law is "a statutory remedy for at-will employees terminated from entities that receive funding from Commonwealth or political subdivision authority." 711 A.2d 497, 503 (Pa.Super.Ct.1998).

Here, there is no dispute that plaintiff performed a service for wages for the County of Luzerne. Plaintiff has also presented evidence of his efforts to alert his superiors to governmental waste and wrongdoing. *See, e.g.,* App. Exhibit 5 (letter to County Commissioner regarding the loss of "almost $10 million tax dollars in Luzerne County in 1997 due to abatements.") Accordingly, defendants' summary judgment motion on plaintiff's Whistleblower Law claim will be denied.

### V.  Conclusion

For the above stated reasons, we grant defendants' summary judgment motion with respect to the absolute legislative immunity of the individually named defendants. Luzerne County is thus the sole remaining defendant and Thomas A. Makowski, Frank P. Crossin, Joseph Jones, James V. Senape, Jr., Maureen Rudnicki and William J. Joyce are dismissed from the case. We deny the motion with respect to plaintiff's First Amendment and Whistleblower Law claims against Luzerne County. We also deny defendants' motion to strike plaintiff's affidavit.